## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 0:13-CV-02800

| | |
|---|---|
| Della Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>The Schreiber Law Firm, PLLC,<br>David K. Bifulco, and Miss Morris,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.　This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Unauthorized Practice of Law, Minn. Stat. § 481.02, by Defendants and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.　Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), as well as 28 U.S.C. § 1367 for pendent state law claims.

3.　Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.　Plaintiff Della Johnson (hereinafter "Plaintiff") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a

-1-

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant The Schreiber Law Firm, PLLC (hereinafter "Law Firm") is a foreign collection law firm and unlicensed collection agency operating from an address of 6 Interplex Drive, Suite 209, Feasterville-Trevose, Pennsylvania 19053, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant David K. Bifulco (hereinafter "Bifulco") is a natural person who, at all times relevant herein, was employed by Defendant Law Firm as a collection agent, not licensed to practice law or to collect debts in Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.    Defendant Miss Morris (hereinafter "Morris"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant Law Firm as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    Sometime before September 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card with Applied Bank.

9.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### Illegal Collection Call – September 11, 2013

10.   On or around September 11, 2013, Defendant Law Firm's collector, Defendant Morris, caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   Defendant Morris's September 11, 2013, collection call led to a voicemail on Plaintiff's cell phone, which stated as follows:

> This message is left for Della Johnson. My name is Miss Morris. I'm calling on behalf of the Schreiber Law Firm. I need you to return my call when you receive this message. My telephone number direct is 267-525-7079 and this call is regards to reference number 1623540. It is important that you do respond to the call upon receipt of this message.

12.   In her September 11, 2013, voicemail to Plaintiff, Defendant Morris failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

13.   Defendant Morris also failed to meaningfully disclose her identity to Plaintiff in violation of the FDCPA, 15 U.S.C. § 1692d(6).

14.   Defendant Morris's failure to disclose that she was a debt collector was a false, unfair and deceptive attempt to collect this debt, which materially misled

Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this phone call.

15. This September 11, 2013, collection communication from Defendant Morris was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(6), 1692e, 1692e(3), 1692e(10), 1692e(11), and 1692f, amongst others.

### Illegal Collection Letter and False Implication of Legal Action

16. On or around September 11, 2013, Defendant Bifulco of Defendant Law Firm sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Defendants' September 11, 2013, collection letter provided an amount due of $3,454.14 on Account Number 1623540, and contained the following letterhead:

Business and Trial Lawyers
**The Schreiber Law Firm, PLLC**
Suite 209
6 Interplex Drive
Feasterville-Trevose, PA 19053

18. Defendants' September 11, 2013, collection letter stated in pertinent part the following:

Dear DELLA D. JOHNSON:

Please be advised that the above referenced matter has been placed with this office by our client, Applied Bank, for purpose of collection. The placement balance showing as of the date of this letter is listed above. This is a demand for full payment because you have had ample time to pay your creditor. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. It is essential that you contact our office to discuss making arrangements to resolve this matter.

19. Defendants' September 11, 2013, collection letter was then signed by Defendant Bifulco as "David K. Bifulco, Esq." on behalf of Defendant Law Firm.

20. Defendants' September 11, 2013, collection letter created the implication and expressly stated that Defendant Law Firm was acting as an attorney for Applied Bank with regard to Plaintiff's alleged debt.

21. Further, Defendants' September 11, 2013, collection letter did not include a disclaimer that would make clear to Plaintiff that Defendants were only acting as debt collectors and not licensed attorneys.

22. In fact, by signing this collection letter as an attorney on one hand, but stating that "no attorney with this firm has personally reviewed . . . your account" on the other hand, Defendants further confused and misled Plaintiff with respect to their role regarding this alleged debt.

23.   By sending a collection letter on law firm letterhead and signing as attorneys, Defendants were engaged in the practice of law and, as such, Defendants' September 11, 2013, collection letter implied the threat of litigation against Plaintiff.

24.   Plaintiff could reasonably be misled into believing that Defendants might sue Plaintiff to collect this debt.

25.   Plaintiff could reasonably be misled into believing that Defendants were authorized to practice law here in Minnesota.

26.   Upon well-grounded information and belief, Defendants did not intend to take legal action against Plaintiff.

27.   The transmission of this collection letter representing Applied Bank in an effort to collect this obligation from Plaintiff constitutes the practice of law in the State of Minnesota. *See generally State v. Hillbrant*, No. A05-820, (Unpublished) (Minn. App. 7/25/2006) (Minn. App. 2006).

28.   Defendant Law Firm's representation that it was a law firm was a false representation because Defendants are not in fact authorized to practice law within the State of Minnesota.

29.   The transmission of this letter by Defendants into Minnesota to Plaintiff was a false and deceptive practice in an attempt to collect a debt in violation of the FDCPA.

30.    Defendant Law Firm has not licensed its professional services law firm with the Minnesota Secretary of State as required by State law.

31.    Defendant Law Firm has not licensed its professional services law firm with the Minnesota Lawyers Board on Professional Responsibility as required by State law.

32.    Defendant Law Firm is not licensed as a law firm in the state of Minnesota, and the transmission of this collection letter constituted the unauthorized practice of law within this state.

33.    The transmission of this collection letter by these Defendants is also a threat to take a legal action that it did not intend to take and was not authorized to take in violation of the FDCPA, 15 U.S.C. § 1692e(5).

34.    Defendants' false, deceptive and misleading representations to Plaintiff were material representations that affected and frustrated her ability to respond to Defendants, because Plaintiff was misled to believe that Defendants were licensed attorneys in Minnesota capable of bringing a legal action against her.

35.    This September 11, 2013, collection communication from Defendants was a false, deceptive, unfair, and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), and 1692f, amongst others.

*Unauthorized Practice of Law*

36.     Minnesota Statute § 481.02 states in pertinent part:

**481.02 UNAUTHORIZED PRACTICE OF LAW.**

Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law, to** appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel, or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law**, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

Subd. 2. Corporations. No corporation, organized for pecuniary profit, **except an attorney's professional firm organized under chapter 319B**, by or through its officers or employees or any one else … shall to any extent engage in, or hold itself out as being engaged in, the business of supplying services of a lawyer or lawyers; …

[Bold emphasis added.]

37.     Upon well-grounded information and belief, Defendant Bifulco is not licensed

to practice law in Minnesota.

38.    Upon well-grounded information and belief, Defendant Law Firm is not registered with the Minnesota Secretary of State as required by the Professional Firms Act.  *See generally* Minn. Stat. § 319B.03.

39.    Defendant Law Firm referred to themselves as a "Law Firm" in their communications with Plaintiff.

40.    Defendants sent this letter into the State of Minnesota to Plaintiff in which they demanded money for the payment of this alleged debt.

41.    By holding themselves out as a law firm and engaging in lawyerly activities with respect to Plaintiff within the State of Minnesota, Defendants have therefore engaged in the unauthorized practice of law with respect to Plaintiff, and are therefore liable for actual damages, attorney's fees and costs.

42.    The collection activities undertaken by Defendant Law Firm without first having properly licensed itself as a foreign corporation under Minnesota law constitutes the unauthorized practice of law in violation of Minn. Stat. § 481.02, Subd. 1.

43.    Defendant Law Firm is not licensed to collect debts within the State of Minnesota, even though it could have obtained a collection agency license or waiver from the Minnesota Department of Commerce.

44.    The transmission of this collection letter by Defendants representing that they were a law firm able to engage in the practice of law within Minnesota, when

they were not, constitutes the unauthorized practice of law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1, and Defendants are therefore liable for Plaintiff's actual damages, attorney's fees and costs.

45.    It was an independently false and deceptive debt collection practice by Defendants to state, suggest or imply that they were in fact authorized to practice law within the State of Minnesota when they were not.

46.    The above-described illegal debt collection activities within the State of Minnesota by Defendants were actions done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Respondeat Superior Liability*

47.    The acts and omissions herein of the individuals employed to collect debts by Defendant Law Firm, and the other debt collectors employed as agents of Defendant Law Firm who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant Law Firm.

48.    The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Law Firm in collecting consumer debts.

49.    By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant Law Firm.

50.    Defendant Law Firm is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

51.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.    The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited

to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

54.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

55.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.   Defendants' foregoing acts, as described herein, in attempting to collect this debt by sending collection demand letters to Plaintiff in Minnesota, and falsely representing themselves as a law firm authorized to provide legal services within this State on behalf of its corporate client, was the unauthorized practice of law in Minnesota.

57.   Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendants'

actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

58.    Plaintiff is also entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

59.    Plaintiff is also entitled to his attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 *et seq.***

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

- declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a against each Defendant herein; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 10, 2013

**BARRY & HELWIG, LLC**

By:  s/Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF HENNEPIN           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Della Johnson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____October____10_,_2013_____
                   Month        Day      Year

_____
Signature

-15-