## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Della Johnson                                              :
                                                           :
     Plaintiff,                    :
                                                           :
     v.                            :     Case No. 0:13-cv-02800-MJD-FLN
                                                           :
THE SCHREIBER LAW FIRM, PLLC,                              :
David K. Bifulco and Miss Morris                           :
                                                           :
     Defendants,                   :

## ANSWER OF DEFENDANTS THE SCHREIBER LAW FIRM, PLLC et. al. TO THE COMPLAINT OF DELLA JOHNSON

THE SCHREIBER LAW FIRM, PLLC David K. Bifulco and Miss Morris (Defendants) by and through attorney, DAVID KENNEDY BIFULCO, Esquire. answers the allegations in the complaint filed by DELLA JOHNSON (Plaintiff):

### INTRODUCTION

1. Admitted in Part Denied in Part: Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). The Defendants actions in this matter were not illegal and there were no violations.

### JURISDICTION AND VENUE

2. Admitted in Part, Denied in Part: Jurisdiction of this court arises under 28 U.S.C. § 1331 and pursuant to *15 U.S.C. 1692k(d).*

3. Denied: Venue is not proper pursuant to *28 U.S.C. 1391(b)(2)* because no transaction or incident occurred in Minnesota other than one letter and one phone call being received by the Plaintiff which is de minimus and is not an occurrence which justifies the great burden placed on the Defendants to defend this matter.

**PARTIES**

4.  Admitted Part, Denied in Part:  Plaintiff is a natural person residing in the County of Hennepin, State of Minnesota.  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.  Defendants have a reasonable belief that the account that is the subject of this action was used for commercial purposes by the Plaintiff and as such he would not be a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Admitted:  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*. Defendant is an organization with a business office located in Trevose, Pennsylvania.

6.  Admitted in Part Denied in Part: David K. Bifulco is a natural person, who serves as Of Counsel to The Schreiber Law Firm, PLLC.  Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

7.  Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

**FACTUAL ALLEGATIONS**

8.  Admitted in Part Denied in Part:     Plaintiff incurred an obligation with Applied Bank. Denied that the card was used primarily for personal use.  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

9. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

10. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

11. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

12. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

13. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

14. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

15. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

16. Admitted:

17. Admitted:

18. Admitted:

19. Admitted:

20. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

21. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

22. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

23. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

24. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

25. Denied:  After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

26. Denied:  After reasonable investigation the Defendants are without knowledge or

information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

27. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

28. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

29. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

30. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

31. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

32. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

33. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

34. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

35. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

36. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

37. Admitted:

38. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be

included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

39. Admitted:

40. Admitted:

41. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.  Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

42. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.  Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

43. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

44. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

45. Denied:   After reasonable investigation the Defendants are without knowledge or

information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

46. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

47. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

48. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

49. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

50. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

**TRIAL BY JURY**

51. Admitted in Part Denied in Part: Defendant respectfully request an Arbitration or Magistrate hearing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq

52. Denied:    After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

53. Denied:    After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

54. Denied:    After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

## COUNT II

## UNAUTHORIZED PRACTICE OF LAW

### MINN. STAT. § 481.02

55. Denied:    After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

56. Denied:    After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and

therefore said allegations are denied.  Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

57. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

58. Denied: After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied. Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

59. Denied:   After reasonable investigation the Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of these allegations, and therefore said allegations are denied.

## AFFIRMATIVE DEFENSES

And now having responded to each of the Plaintiff's allegations and having denied any liability in this matter whatsoever, Defendant sets forth the following affirmative defenses:

Any act or action taken by Defendant that may be included within the terms of Minn. Stat. § 481.02, subd. 1 was a permitted action under Minnesota law.

That Defendant is not required to register with the Minnesota Secretary of State by Minn. Stat. § 319B.03.

That Defendant Law Firm is a law firm.

DEFENDANT'S ANSWER

Defendant is excluded from Minnesota debt collector licensing and registration requirements.

That Defendant has not engaged in the practice of law within the state of Minnesota.

That Plaintiff's claims fail to state a claim upon which relief may be granted.

That this Court lacks jurisdiction over one or more of Plaintiff's claims.

WHEREFORE, Defendant, THE SCHREIBER LAW FIRM, PLLC, David K. Bifulco, and Miss Morris respectfully requests judgment be entered against the Plaintiff, Della Johnson, and in favor of the Defendant, THE SCHREIBER LAW FIRM, PLLC, David K. Bifulco, and Miss Morris, and that this Honorable Court award Attorney Fees to the Defendant in the amount of $5,000.00 and any other relief the court deems just and proper.

RESPECTFULLY SUBMITTED,

By: _____

**DAVID KENNEDY BIFULCO, ESQUIRE**
Of Counsel
The Schreiber Law Firm, PLLC
PA Atty. I.D. No. 310038
Six Interplex Drive, Suite 212
Trevose, PA 19053
Office: (610) 676-0650
Fax: (610) 646-7444

Date: 11/27/13